IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - DAYTON

| | | |
|---|---|---|
| **PRISTINE SENIOR LIVING, LLC, and PRISTINE SENIOR LIVING OF MIDDLETOWN, LLC,**<br>1301 East Riggin Road<br>Muncie, Indiana   47304<br>(Delaware County) | )<br><br><br><br>)<br> | |
| *Plaintiffs,* | ) | Case No. _____ |
| v. | ) | |
| **LIBERTY NURSING CENTER OF FREMONT, INC.; LIBERTY NURSING CENTER OF OXFORD, LLC; LIBERTY NURSING CENTER OF RIVERSIDE, LLC; LIBERTY NURSING CENTER OF BEAVERCREEK, INC.; LIBERTY NURSING CENTER OF BELLBROOK, INC.; LIBERTY NURSING CENTER OF JAMESTOWN, INC.; LIBERTY NURSING CENTER OF RIVERVIEW, INC.; LIBERTY NURSING CENTER OF PORTSMOUTH, INC.; LIBERTY NURSING CENTER OF ENGLEWOOD, INC.; LIBERTY RETIREMENT COMMUNITY OF MIDDLETOWN, INC.; LIBERTY RETIREMENT COMMUNITY OF WASHINGTOWN TOWNSHIP, INC.; LIBERTY NURSING CENTERS HOLDING COMPANY, INC.; and LINDA BLACK-KUREK,**<br>7446 Liberty Woods Lane<br>Dayton, Ohio  45459<br>(Montgomery County) | )<br><br><br>)<br><br><br><br>)<br><br><br><br>)<br><br><br><br><br>)<br><br><br><br>)<br><br>) | **[Jury Demand Endorsed Hereon]** |
| *Defendants.* | | |

## COMPLAINT

Plaintiffs, by counsel, for their Complaint against Defendants allege and state as follows:

**Parties, Jurisdiction & Venue**

1. Plaintiff, Pristine Senior Living of Middletown, LLC is an Ohio limited liability company. The sole member of Pristine Senior Living of Middletown, LLC is Pristine Senior Living, LLC.

2. Pristine Senior Living, LLC is an Indiana limited liability company. The sole member of Pristine Senior Living is Christopher Cook, who is a full-time resident and citizen of the State of Indiana.

3. Defendant, Liberty Nursing Center of Beavercreek, Inc. is, upon information and belief, an Ohio corporation with a principal office located in Dayton, Montgomery County, Ohio.

4. Defendant, Liberty Nursing Center of Riverside, LLC is, upon information and belief, an Ohio limited liability company with a principal office located in Dayton, Montgomery County, Ohio. Upon information and belief, Liberty Nursing Center of Riverside, LLC's sole member is Linda Black-Kurek, a resident and citizen of the State of Ohio.

5. Defendant, Liberty Nursing Center of Riverview, Inc. is, upon information and belief, an Ohio corporation with a principal office located in Dayton, Montgomery County, Ohio.

6. Defendant, Liberty Retirement Community of Washington Township, Inc. is, upon information and belief, an Ohio corporation with a principal office located in Dayton, Montgomery County, Ohio.

7. Defendant, Liberty Nursing Center of Englewood, Inc. is, upon information and belief, an Ohio corporation with its principal office located in Dayton, Montgomery County, Ohio.

8. Defendant, Liberty Nursing Center of Portsmouth, Inc. is, upon information and belief, an Ohio corporation with its principal office located in Dayton, Montgomery County, Ohio.

9. Defendant, Liberty Nursing Center of Oxford, LLC is, upon information and belief, an Ohio limited liability company with a principal office located in Dayton, Montgomery County, Ohio. Upon information and belief, Liberty Nursing Center of Oxford, LLC's sole member is Linda Black-Kurek, a resident and citizen of the State of Ohio.

10. Defendant, Liberty Nursing Center of Bellbrook, Inc. is, upon information and belief, an Ohio corporation with its principal office located in Dayton, Montgomery County, Ohio.

11. Defendant, Liberty Retirement Community of Middletown, Inc. is, upon information and belief, an Ohio corporation with its principal office located in Dayton, Montgomery County, Ohio.

12. Defendant, Liberty Nursing Center of Jamestown, Inc. is, upon information and belief, an Ohio corporation with its principal office located in Dayton, Montgomery County, Ohio.

13. Defendant, Liberty Nursing Center of Fremont, Inc. is, upon information and belief, an Ohio corporation with its principal office located in Dayton, Montgomery County, Ohio.

14. Defendant, Liberty Nursing Centers Holding Company, Inc. is, upon information and belief, an Ohio corporation with its principal office located in Dayton, Montgomery County, Ohio.

15. Defendant, Linda Black-Kurek is, upon information and belief, a resident of Dayton, Montgomery County, Ohio.

16. For purposes of determining this Court's diversity jurisdiction, a corporation is a citizen of its state of organization and principal place of business. However, limited liability companies have the citizenship of each member of the limited liability company. As such, each

Defendant in this matter is a citizen of the State of Ohio, and each Plaintiff in this matter is a citizen of the State of Indiana.

17. The Plaintiffs' claims for damages in this matter far exceed $75,000.00.

18. Accordingly, this Court has subject-matter jurisdiction pursuant to 28 U.S.C § 1332 because this dispute arises between citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

19. This matter arises from a contract that contains a mandatory forum selection clause requiring all proceedings related to said contract be instituted in a state for federal court in Montgomery County, Ohio. Accordingly, venue in the United States District Court for the Southern District of Ohio – Western Division is proper pursuant to 29 U.S.C. § 1391.

## Allegations Relevant to All Counts

20. On or about July 30, 2015, the Plaintiffs and certain Defendants executed an agreement captioned *Operations Transfer Agreement* (the "Agreement") which, among other things, set forth the terms and conditions of the transition of operational and financial responsibility for certain skilled nursing facilities and retirement communities located throughout the State of Ohio. A true and accurate copy of the Agreement is attached hereto as Exhibit A.

21. Operations of the facilities that are the subject of the Agreement were transferred on or about October 1, 2015.

22. One of the issues addressed by the Agreement was the proper manner for handling the receipt of payments from third-party payors after the date that operations of the facilities were transferred. Specifically, Section 5.4 of the Agreement requires the Defendants that are identified in the Agreement as "Current Operators" to transfer payments received by third-party payors relating to periods on or after the transfer date to the Plaintiff, Pristine Senior Living, LLC.

Likewise, Section 5.3 of the Agreement requires the Plaintiff, Pristine Senior Living, LLC to transfer payments received by third-party payors relating to periods prior to the transfer date to the entity that previously operated the relevant facility.

23. The time period in which those payments must be tendered to the respective party varies based upon whether the remittance advice accompanying the payment clearly indicated the periods of time to which the payment related.

24. Since the transfer of operations of the facilities, the Plaintiff, Pristine Senior Living, LLC, has conducted a thorough review and accounting of the payments received by the respective parties. And, Pristine Senior Living, LLC has determined that the eleven (11) Defendant corporations and limited liability companies identified in the Agreement as "Current Operators" have failed to remit to Pristine Senior Living, LLC a combined total of more than $200,000.00 in payments received by third-party payors relating to periods on or after the transfer date in violation of the Agreement.

25. Another issue addressed by the Agreement was the proper handling of Patient Trust Property, which is defined as "any and all resident trust funds, prepayments, refundable fees (including refundable entry fees) and other property held by [Liberty Retirement Community of Middletown, Inc.] …"

26. One of the transferred facilities – Liberty Retirement Community of Middletown – received refundable entry fees from certain residents that are to be refunded at the time the resident(s) vacate the facility. Those fees constitute Patient Trust Property under the terms of the Agreement. And, the Agreement required Liberty Retirement Community of Middletown, Inc. to account for and transfer all Patient Trust Property. In addition, Liberty Retirement Community of

Middletown, Inc. represented and warranted in the Agreement that books and records related to patient trust funds are true and correct in all material respects.

27. At the time the transfer of operations of the facilities closed, Liberty Retirement Community of Middletown, Inc. transferred certain refundable entry fees paid by residents of Liberty Retirement Community of Middletown to Pristine Senior Living of Middletown, LLC.

28. Since that time, Plaintiffs have discovered that the refundable entry fees transferred by Liberty Retirement Community of Middletown, Inc. are more than $250,000.00 less than the fees that are purportedly owed to some of the residents upon vacating the premises.

29. In the Agreement, the Defendants identified in the Agreement as "Current Operators" agreed to indemnify the Plaintiffs for, from and against any and all losses, costs, penalties, fees, liabilities and expenses which are incurred as a result of – among other things – a breach of their obligations under the Agreement and any inaccuracy in their representations or warranties contained in the Agreement.

30. In addition, Liberty Nursing Centers Holding Company, Inc. and Linda Black-Kurek executed an Indemnity Guaranty ("Guaranty") whereby each absolutely, irrevocably and unconditionally guaranteed as a primary obligor all of Liberty Retirement Community of Middletown, Inc.'s obligations under the indemnity provision in the Agreement. A true and accurate copy of the Guaranty is attached hereto as Exhibit B.

31. Plaintiffs contacted Defendants via email correspondence in March and December of 2016 to address the issue of underpayment of refundable entry fees, but were informed that all funds transferred were final and further payments would not be forthcoming.

32. In August and September 2017, Plaintiffs contacted Defendants via email correspondence on numerous occasions regarding the failure to remit payments received from

third-party payors relating to periods on or after the transfer date. In fact, Plaintiffs provided Defendants with a detailed accounting of the payments owed, and Defendants stated that they would review the accounting and respond accordingly. However, no payments have been tendered and Defendants have refused to respond to repeated communications since that time.

33. On or about September 28, 2017, Pristine Senior Living, LLC sent Defendants an Indemnification Claim Notice which demanded that the Defendants accept liability for the underpayment of refundable entry fees and the failure to remit payments relating to periods on or after the transfer date.

34. To date, Defendants have failed to tender any payment to Plaintiffs and have not responded to the September 28, 2017 correspondence from Plaintiffs.

## Count I
### (Indemnification)

35. Plaintiffs incorporate as if rewritten herein each and every allegation above.

36. The Agreement and Guaranty require Defendants to indemnify Plaintiffs for, from and against any and all loss, costs, penalties, fees, liabilities and expenses incurred as a result of – among other things – a breach of the Agreement or the inaccuracy of any representation or warranty made in the Agreement.

37. Defendants' underpayment of refundable entry fees and failure to remit payments from third party payors relating to periods on or after the transfer of the facilities have resulted in losses to the Plaintiffs that are subject to indemnification by Defendants.

38. Plaintiffs have satisfied all conditions precedent to seeking indemnification under the Agreement and Guaranty.

39. As such, Plaintiffs seek judgment in their favor, jointly and severally, indemnification for all losses that have resulted, and will result, from Defendants' underpayment

of refundable entry fees and failure to remit payments from third party payors relating to periods on or after the transfer of the facilities.

## Count II
### (Breach of Contract)

40. Plaintiffs incorporate as if fully rewritten herein each and every allegation above.

41. The Agreement is a valid and binding contract between Plaintiffs and the Defendants that are identified in the Agreement as "Current Operators."

42. The Guaranty is a valid and binding contract that is enforceable against Liberty Nursing Centers Holding Company, Inc. and Linda Black-Kurek.

43. The Defendants identified in the Agreement as "Current Operators" breached the Agreement by failing to provide a proper accounting of the refundable entry fees for Liberty Retirement Community of Middletown.

44. The Defendants identified in the Agreement as "Current Operators" breached the Agreement by failing to remit to Plaintiff, Pristine Senior Living, LLC, payments received from third-party payors relating to periods on or after the date operation of the facilities was transferred to Pristine Senior Living, LLC.

45. The Defendants in the Agreement as "Current Operators" further breached the Agreement by failing to fulfill their obligations to indemnify Plaintiffs for the losses that have resulted, and will result, from the underpayment of refundable entry fees and failure to remit payments from third party payors relating to periods on or after the transfer of the facilities.

46. Liberty Nursing Centers Holding Company, Inc. and Linda Black-Kurek breached the Guaranty by failing, after written demand, to guarantee the payment and performance of the other Defendants' obligations under the Agreement.

47. As a result, Plaintiffs have suffered, and continue to suffer, damages for which the Defendants are liable jointly and severally.

48. Plaintiffs have satisfied all conditions precedent to the enforcement of the Agreement and Indemnity Guaranty.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment in their favor, and an award of damages in an amount to be determined at trial, including compensatory and incidental damages, costs, pre-judgment interest, attorney's fees, and such other relief as the Court deems appropriate.

Respectfully submitted,

*s/John E. Breen*
**JOHN E. BREEN  (0015142)**
BREEN LAW, LLC
7761 Chetwood Close, Suite 100
Columbus, Ohio 43054
(614) 374-3324
(614) 775-9977  F
JOHN@BREENLEGAL.COM

*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiffs request a trial by jury.

*s/John E. Breen*